county in which he proposes to act as public
weigher is entitled to be appointed public
weigher by said court; and it is the duty
of the commissioners' court to hear proof of
his qualifications and of the sufficiency and
solvency of his bond, and, upon proper show-
ing made, to approve his bond and appoint
him public weigher." Paschal v. Inman, 106
Tex. 123, 157 S.W. 1155; Martin v. Foy (Tex.
Civ. App.) 254 S.W. 696; McCraw v. Sewell
(Tex. Civ. App.) 20 S.W. (2d) 235.

". . . . To hear and determine the facts as
to whether or not appellant possessed the
qualifications prescribed by the above arti-
cle of the statutes required on the part of
the commissioners' court the exercise of ju-
dicial discretion. Under article 5683 the
duty is imposed upon the commissioners' court
to approve the bond of the public weigher.
It is held that the approval or disapproval
of the official bond is a judicial act. Rains
v. Simpson, 50 Tex. 495, 32 Am. Rep. 609.
Mandamus may lie to require the performance
of an act involving judicial discretion, but
not in a particular manner that is to say,
it will lie to require the exercise of a ju-
dicial duty, but will not lie to revise or
correct an error in discretion or judgment
committed in the performance of such duty.
So, in hearing the evidence and determining
the facts therefrom, the commissioners' court
was exercising a judicial and not a minister-
ial function upon its hearing of appellant's
application and bond, and mandamus will not
lie to revise an error, if any, committed in
their conclusion and determination of the facts,
when no arbitrary abuse of such discretion is
shown." Gouhenour v. Anderson, 35 Tex. Civ.
App. 569, 81 S.W. 104.

Texas Jurisprudence, volume 44, page 507, Sec-
tion 3, provides:

"It is the duty of the commissioners' court, on application of a qualified citizen for appointment as public weigher, to hear proof of his qualifications and of the sufficiency of his bond, and, upon proper showing made, to approve his bond and appoint him public weigher * * * *"

Trusting that the above answers your inquiry, I remain

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By ~~Ansell Williams~~

Assistant

AW;ob

APPROVED:

~~Gerald C. Mann~~

ATTORNEY GENERAL OF TEXAS